IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRUE'S OASIS, LLC.,  )
　　　　　　　　　　　) No. 15-521
　　Appellant.　　　　)

　　v.

WILLIAM A. LAUGHLIN,
et al.,

　　Appellees.

**MEMORANDUM ORDER**

Appellees have moved to dismiss this matter on grounds, inter alia, that Appellant's Notice of Appeal is invalid.[1] Their argument rests on the fact that the Appeal was filed by Scott Fruehan, Appellant's president and managing partner and a non-attorney. Also before the Court, and also filed by Mr. Fruehan, are Appellant's "Appeal of the Order of Court denying the Emergency Motion to Vacate Writ of Execution and Emergency injunctive Relief, and Impose Sanctions on Counsel," and an "Appeal From a Relief from Stay and Motion to Set Aside Order Setting Stay."

"As a general matter, a corporation or other business entity can only appear in court through an attorney and not a non-attorney corporate officer appearing pro se." Van De Berg v. C.I.R, 175 Fed. Appx. 539, 541 (3d Cir. 2006). Thus, while a non-attorney may represent himself pro se in a matter in which he is a party, he cannot represent an LLC. See Selig v. Zoning Hearing Bd. of N. Whitehall Twp., 2014 Pa. Dist. & Cnty. Dec. LEXIS 269, at **3-4 (Pa. C.P. 2014). In other words, a non-attorney may appear on behalf of an entity in a

---

[1] Two Motions to Dismiss, both raising an argument regarding the absence of licensed representation, appear on the docket.

1

bankruptcy case, and "perform any act not constituting the practice of law." Fed. R. Bankr. P. 9010(a).

The relevant inquiry, therefore, involves the definition of "the practice of law" in Pennsylvania. Staiano v. Schwab, 249 B.R. 71, 74 (M.D. Pa. 2000). The Pennsylvania Supreme Court has acknowledged that it is difficult to define "the practice of law." Shortz v. Farrell, 193 A. 20, 21 (Pa. 1937). Nonetheless, "it is clear that the preparation of pleadings and other types of legal papers … constitutes the practice of law…." Patton v. Scholl, 1998 U.S. Dist. LEXIS 17662, at **30-31 (E.D. Pa. Nov. 6, 1998). This includes preparing motions and answers to motions. Id. at *33. A non-attorney's mere filing of a notice of appeal, however, may be deemed a ministerial task and therefore valid. Harrison v. Wahatoyas, 253 F.3d 552, 557 (10th Cir. 2001). Nonetheless, such a notice is not per se recognized. Instead, an attorney must promptly enter an appearance, prior to substantive legal work in the case, in order for the appeal to be recognized. Id. Absent licensed counsel, therefore, documents prepared and signed by a non-attorney on behalf of an entity may be dismissed as null and void. See In re Global Constr. & Supply, 126 B.R. 573, 575 (Bankr. E.D. Mo. 1991); see also Commonwealth v. Woodland Trust, 2008 Pa. Commw. Unpub. LEXIS 648, **3-6 (Pa. Commw. Ct. 2008) (collecting cases).

Here, Mr. Fruehan explains that this Appeal stems from the insufficiency of prior counsel, and that he has attempted, and is attempting, to retain counsel. The Notice of Appeal was filed on April 21, 2015. Since that Notice, no counsel has entered an appearance on Appellant's behalf. Appellee's Motion to Dismiss was filed days after the docketing of the Notice of Appeal, which left little time between Appeal and Motion for the retention of counsel. Nevertheless, months have passed, and Mr. Fruehan has continued to file submissions to this

Court.  Even assuming that the act of filing the Notice of Appeal did not constitute "the practice of law," Mr. Fruehan's remaining submissions, and the absence of licensed counsel for Appellant, are problematic under applicable rules and precedent.   Thus, to continue to entertain jurisdiction over this proceeding would essentially sanction conduct that is not authorized by those rules and precedent.  Therefore, I will dismiss the Appeal without prejudice.  This will allow Appellant to attempt to reinstate the appeal, should the entity obtain legal representation.  Furthermore, for these reasons, I will not entertain Appellant's remaining submissions and requests for relief.

AND NOW, this 17th day of July, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Appellee's Motion to Dismiss [3, 4] is GRANTED, and this appeal is dismissed without prejudice. Because I am declining to entertain the appeal at this time, Appellant's remaining requests for relief [19, 23] are denied, also without prejudice to Appellant to restore his requests in the event that the Appeal is revived.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court